IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**WILLIE LEE STEWART**                                                    **PLAINTIFF**

v.                                              **CIVIL ACTION NO. 3:18-cv-247-NBB-RP**

**REGION IV MENTAL HEALTH SERVICE,
DR. SCOTT BAYMILLER, MISSISSIPPI
DEPARTMENT REHABILITATION SERVICE,
KENISH THORNTON, and LULA MERRELL**                      **DEFENDANTS**

## REPORT AND RECOMMENDATION

Presently before the Court is Plaintiff Willie Lee Stewart's motion to proceed *in forma pauperis*. Docket 3. Aside from the question of whether a plaintiff meets the financial prerequisites to proceed *in forma pauperis*, a plaintiff must also establish that he has not raised a frivolous or malicious claim or a claim that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). [1] 28 U.S.C. § 1915(e)(2) provides that

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
>     (A) the allegation of poverty is untrue; or
>
>     (B) the action or appeal –
>
>         (i) is frivolous or malicious;
>
>         (ii) fails to state a claim on which relief may be granted; or
>
>         (iii) seeks monetary relief against a defendant who is immune from such relief.

---

[1] Section 1915(e)(2) applies equally to prisoner as well as nonprisoner *in forma pauperis* cases. *See Newsome v. Equal Employment Opportunity Commission*, 301 F.3d 227, 231-33 (5th Cir. 2002) (affirming dismissal of nonprisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)).

Title 28 U.S.C. § 1915(a)(1) provides, "[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor." This statute does not provide an absolute right to proceed *in forma pauperis* in federal courts. *Carter v. Thomas*, 527 F. 2d 1332 (5th Cir. 1976). It is a privilege extended to those unable to pay the filing fees when an action is not frivolous or malicious. *Startti v. U.S.A.*, 415 F. 2d 1115 (5th Cir. 1969). The court has discretion to determine whether or not to grant this status, *Carter v. Telectron*, 452 F. Supp. 939 (S.D. Tex. 1976), and the court may monitor a civil action that has been instituted *in forma pauperis* to avoid or minimize abuse of prosecution of such civil suits. *Hawkins v. Elliot*, 385 F. Supp. 354(D.C. S.C 1974); *Mann v. Leeke*, 73 F.R.D. 264 (D.C. S.C.1974).

Plaintiff filed this action on November 21, 2018, using the Court's form complaint for filing a Section 1983 Civil Rights complaint and claims that the "Statement of Claim" filed in support thereof "shows that [his] rights have repeatedly been violated under the 14th Amendment: Title II Americans with Disabilities Act[,] Rehabilitation Act Section 504." Docket 1, 2. Plaintiff's Statement of Claim complains about "the quality of HeathCare Services [Plaintiff] has received from various HealthCare Providers herein the State of Mississippi as well as in Tennessee" and references treatment from Dr. Scott Baymiller and a "claim of misdiagnosis." Doc. 2, p. 1. Without setting forth any specific factual allegations, Plaintiff claims that "Dr. Baymiller's actions constitutes [*sic*] a violation of [Plaintiff's] Civil Rights under the U.S. Constitution." *Id*. Plaintiff's Complaint and the supplemental documentation submitted in support thereof are devoid of any factual allegations by which a claim under § 1983, the 14th

Amendment, Americans with Disabilities Act, and/or Section 504 of the Rehabilitation Act may be established.

When asked in the Complaint to explain how he was injured, Plaintiff responds "[t]his is best explained by my attorney. At present I do not have one." When asked to state the relief he is seeking, Plaintiff responds "[i]n the first instance, I am asking the Court to provide me with an attorney." Plaintiff's request for the appointment of counsel "to assist in the handling of his claims" or to explain how he has been injured does not excuse his failure to set forth the specific facts on which his claims under Section 1983, the 14th Amendment, the Americans with Disabilities Act, and/or Section 504 of the Rehabilitation Act are based.

On December 10, 2018, the Court ordered Plaintiff to show cause as to as to why his Complaint should not be dismissed for failure to state a claim on which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(ii). Docket 5. The Show Cause Order informed Plaintiff that "no viable claim is suggested by the sparse facts alleged" and explained that he is required to "set forth the specific facts on which his claims under Section 1983, the 14th Amendment, the Americans with Disabilities Act, and/or Section 504 of the Rehabilitation Act are based." Having considered Plaintiff's January 7, 2019 Response to the Show Cause Order (Docket 7), the undersigned recommends that this action be dismissed.

Plaintiff's Response to the Show Cause Order claims that "Dr. Baymiller has generated a report that has resulted in injury to my rights" which Plaintiff claims is twofold. Docket 7 at 2. Plaintiff claims (1) that Dr. Baymiller's conclusion that there is "[n]o reason he cannot participate in vocational rehabilitation, as long as awareness of personality is known" is inherently contradictory and (2) that Dr. Baymiller "denied [him] the option of the least restrictive and appropriate level of care and support" when he diagnosed him with Personality

Disorder NOS but failed to rule out any other potential causes. *Id*. at 2-3. According to Plaintiff, Dr. Baymiller's report containing a diagnosis and recommending therapy led to Plaintiff being told that "if [he] did not consent to therapy within thirty days, [his] file would automatically be closed." *Id*. at 3. Plaintiff alleges that this "resulted in pain and suffering due to mental anguish, reduced quality of life, loss of past and future earnings, and loss of enjoyment." *Id*.

Regardless of whether Plaintiff meets the definition of pauper, he has failed to state a claim upon which relief can be granted. While Plaintiff may disagree with Dr. Baymiller's diagnosis and conclusions regarding his fitness for participating in vocational rehab, Plaintiff has still failed to allege specific facts on which any claim under Section 1983, the 14th Amendment, the Americans with Disabilities Act, and/or Section 504 of the Rehabilitation Act could conceivably be based. To establish a *prima facie* case under 42 U.S.C. § 1983, Plaintiff must allege two elements: (1) the deprivation of a constitutional or a federal statutory right and (2) that the deprivation was committed by a person acting "under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (U.S. 1988). Plaintiff has failed to allege either of the elements required to state a § 1983 claim. Regarding any alleged violation of the 14th Amendment, Plaintiff states no facts relating to any perceived violation of his procedural or substantive due process rights. It is not clear whether Plaintiff is attempting to assert a claim under the American with Disabilities Act and/or Section 504 of the Rehabilitation Act for an alleged failure to accommodate a disability or for discrimination related to a disability because no facts are alleged which would support such a claim. Although Plaintiff must be held to "less stringent standards than formal pleadings drafted by lawyers," his Complaint can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations omitted).

Plaintiff's Complaint and supporting documentation as well as his response to the Show Cause Order and documentation submitted in support thereof fail to state a claim on which relief may be granted.

## RECOMMENDATION

The undersigned recommends that Plaintiff's application to proceed *in forma pauperis* be **DENIED** and his Complaint be **DISMISSED** for failure to state a claim.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and L.U.Civ.R. 72(a)(3) for the appropriate procedure in the event he desires to file objections to these findings and recommendations. Objections are required to be (1) specific, (2) in writing, and (3) filed within fourteen (14) days of this date. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 14 days after being served with a copy bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1998), and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accepted by the district court..." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

This the 23rd day of January, 2019.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE